WILLIAM H. COGAN *vs.* ELIZABETH COGAN.

Suffolk. January 15, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Equity Pleading and Practice,* Exceptions, Appeal. *Husband and Wife.*

From the allegations in a petition filed in the Supreme Judicial Court and entitled a "petition to vacate a judgment decree of the Probate Court for suitable maintenance" it appeared that the petitioner, who was the respondent in the Probate Court, had appealed from an adverse decision there to the Superior Court where he had been defaulted. In the Supreme Judicial Court, a plea in bar having been filed denying the jurisdiction of the court and, at a hearing upon the petition and the plea, no evidence whatever having been introduced, the single justice dismissed the petition. On exceptions and an appeal by the petitioner, the exceptions were overruled and the decree dismissing the petition was affirmed.

HAMMOND, J. This was a petition * filed in this court for the County of Suffolk, sitting in equity, "to set aside the pretended judgment rendered" by the Probate Court for said county in February, 1902, "and affirmed by default in [the] Superior Court . . . and all proceedings had thereunder," upon the ground that the judgment is "null and void" for want of jurisdiction over the respondent therein, who is the present petitioner. The respondent herein made no answer but pleaded in bar that this court had "no jurisdiction of the subject matter and no power to vacate the decree."

The case came on to be heard before a single justice of this court † who made a final decree dismissing the appeal, and the petitioner appealed. A motion made by the petitioner to report the evidence was denied; and the case seems to be before us upon the appeal from the final decree and upon the following bill of exceptions filed by the petitioner:

"This case came on to be heard upon petition and plea; no commissioner to take testimony was appointed or requested; no

---

* The petition is entitled "Petition to vacate a judgment decree of Probate Court, Suffolk County, for suitable maintenance."

† *Morton, J.*

witness was sworn; no oral or documentary evidence was introduced; the petitioner read parts of what he said was a decree of the Probate Court and also what purported to be a return of a sheriff, but such decree and return were not submitted to opposing counsel nor to the court. The petitioner in argument referred the court to several citations: R. L. c. 159, § 29; St. 1859, c. 237, § 11; *Pingree* v. *Coffin*, 12 Cush. 600. After such hearing, on February 15, 1911, a final decree was entered dismissing said petition. On September 22, 1911, the petitioner filed in the clerk's office an appeal from this decree; on September 29, 1911, the petitioner filed in the clerk's office a petition asking that the 'oral testimony may be reported to the full court;' hearing was had upon said petition, and on September 29, 1911, the court denied the petition and the petitioner excepted and prays that his exception may be allowed."

Although this bill of exceptions was signed by the petitioner "under protest," still it is the only one before us. Upon this bill it appears that at the hearing no evidence was offered in support of the petition. The decree dismissing the petition was therefore right, and for the same reason if for no other the motion to report the evidence was rightly overruled. It is unnecessary to consider any other defense to the petition.

*Exceptions overruled; decree affirmed.*

*W. H. Cogan, pro se.*
No counsel appeared for the respondent.